## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| John Hargrove, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| News Enterprises Inc. a Delaware | ) | |
| Corporation a/k/a The Sun US, Inc. | ) | |
| a/k/a The UK Sun, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Comes now John Hargrove ("Plaintiff") and for his Complaint against News Enterprises Inc. a/k/a The Sun US, Inc. a/k/a The UK Sun ("Defendant"), states:

## THE PARTIES

1. Plaintiff John Hargrove, is, and at all relevant times has been, a resident of Texas.

2. Defendant News Enterprises Inc, is a Delaware Corporation, registered as a Foreign Entity in New York, headquartered at 1211 Avenue of the Americas, New York, New York 10036. Defendant News Enterprises, Inc. also does business as The Sun US, Inc., ("US SUN") under an Application of Authority.

## JURISDICTION AND VENUE

3. The Court has original subject matter jurisdiction over federal Copyright Act of 1976 claims under 28 U.S.C.A. § 1338(a).

4. The Court has personal jurisdiction over the Defendant as Defendant has its principal place of operations in New York, New York.

1

5.      Venue is proper in this district because Defendant is headquartered in New York, New York, and committed acts within this district that give rise to this action.

## FACTS COMMON TO ALL CLAIMS

6.      Since November 16, 2014, Plaintiff has held the exclusive rights to the photograph made the basis of this lawsuit.

7.      Plaintiff is the lawful owner of U.S. Copyright Registration Number TX0008011406., registration date April 10, 2015. That copyright is for the book *Beneath the Surface: Killer Whales, SeaWorld, And the Truth Beyond Blackfish*. (*Beneath*).  *Beneath* contains images exclusively owned by Plaintiff, including the photo made the basis of this lawsuit.

8.      Plaintiff has full ownership and authority to use, duplicate and license the book and its contents, including the photographs.  The photographs are valuable assets, and Plaintiff has come to rely on such licensing of his intellectual property as a part of his livelihood.

9.      The US Sun and The Sun UK are owned by the same parent company, News Corporation, a Delaware corporation headquartered at 1211 Avenue of the Americas, New York, New York 10036.

10.     On September 25, 2018, Plaintiff, after being notified that Miranda Knox was contacting other Sea World trainers in an attempt to reach him, emailed Miranda Knox, a journalist for The Sun UK. Knox requested comments from Plaintiff regarding his experiences as an orca trainer at SeaWorld.  Plaintiff provided comments via email.

11.     On November 14th, 2018, Knox told Plaintiff her deadline was approaching and that she would send a link to the article once it was published.

12.     There was no contact between Plaintiff and Knox between November 14th, 2018, and July 18th, 2019.

13.     On July 18th, 2019, Knox contacted Plaintiff stating the article would be published that week, and she would send a link to the article.  However, Plaintiff never received further correspondence from Knox regarding the article or any other subject.

14.     On August 23, 2021, without Plaintiff's knowledge, The US Sun published an article entitled *"WHALE JAILS Ex-SeaWorld trainers claim 'self-harming' killer whales were starved, drugged & so stressed they got stomach ulcers"* by Miranda Knox.  Contained within the article is an image exclusively owned by our client, which was published in '*Beneath.*'

15.     Plaintiff did not give The US Sun permission to use the image and was not compensated for its use.

16.     Plaintiff had no contact with The US Sun, The Sun UK, or any representative until June 14, 2022.

17.     On June 14, 2022, Rebecca Husselbee, a reporter from The Sun UK, contacted Plaintiff's publicist for an interview with Plaintiff regarding his experiences at SeaWorld.  Plaintiff consented to the interview.

18.     Plaintiff and Husselbee corresponded about Plaintiff's experiences at SeaWorld.  In the correspondence, Plaintiff shared photos with Husselbee and explicitly requested a licensing agreement for Husselbee's use of the images.

19.     Husselbee acknowledged the need for proper licensing in her reply.  However, no agreement was formed.

20.     On August 14, 2022, without Plaintiff's knowledge, The Sun UK published an article entitled, *"WHALE HELL: Warning over SeaWorld orcas as trainer says 'Jurassic Park-style' breeding programme created 'aggressive hybrid whales.'"* By Rebecca Husselbee.

Contained within the article is a photograph exclusively owned by Plaintiff which was published in '*Beneath*.'

21.    Plaintiff did not give The Sun UK permission to use the image and was not compensated for its use.

22.    On August 14, 2022, the same day, The US Sun published an article entitled, *"WHALE HELL: Warning over SeaWorld orcas as trainer says 'Jurassic Park-style' breeding programme created 'aggressive hybrid whales.'"* By Rebecca Husselbee.  Contained within the article is a photograph exclusively owned by Plaintiff which was published in '*Beneath*.'

23.    Plaintiff did not give The US Sun permission to use the image and was not compensated for its use.

24.    To no avail, Plaintiff notified Defendant on August 14, 2022, about its unauthorized use of the image.

25.    To no avail, Plaintiff notified Defendant on August 15, 2022, about its unauthorized use of the image.

26.    To no avail, Plaintiff notified Defendant on August 16, 2022, about its unauthorized use of the image.

27.    To no avail, Plaintiff notified Defendant again on August 17, 2022, about its unauthorized use of the image.

28.    On or about June 5, 2023, while at least four articles still contained Defendant's unauthorized use of Plaintiff's images, Plaintiff, through counsel, contacted Defendant.

## CLAIM ONE

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT

## (17 U.S.C.A. § 501)

29.     Plaintiff realleges the allegations of Paragraphs 1 through 26 of this Complaint as is fully set forth herein.

30.     On or about August 23, 2021, Defendant infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's images without proper licensing.

31.     Defendant's use of the infringing image is without permission or authority from Plaintiff and has caused damage to Plaintiff.

32.     Defendant has used the infringing image with constructive notice of Plaintiff's registration under The Copyright Act.

33.     Defendant has continued to use the infringing image and has had both constructive and actual notice of Plaintiff's copyrights.

34.     By engaging in the complained-of conduct, Defendant willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

35.     Upon information and belief, by its acts, Defendant has made and will make profits and gains to which it is not in law or equity entitled.

36.     Upon information and belief, Defendant intends to continue its infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

37.     The Defendant's actions have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, his business, his reputation, and his goodwill because Plaintiff has no adequate remedy at law.

38.     Defendants' actions were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

## CLAIM TWO

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT

## (17 U.S.C.A. § 501)

39.     Plaintiff realleges the allegations of Paragraphs 1 through 36 of this Complaint as is fully set forth herein.

40.     On or about August 14, 2022, Defendant infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in its publication Plaintiff's image without proper licensing or authorization in its UK Sun publication.

41.     Defendant's use of the infringing image is without permission or authority from Plaintiff and has caused damage to Plaintiff.

42.     Defendant has used the infringing image with constructive notice of Plaintiff's registration under The Copyright Act.

43.     Defendant has continued to use the infringing image and has had both constructive and actual notice of Plaintiff's copyrights.

44.     By engaging in the complained-of conduct, Defendant willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

45.     Upon information and belief, by its acts, Defendant has made and will make profits and gains to which it is not in law or equity entitled.

46.     Upon information and belief, Defendant intends to continue its infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

47.     The Defendant's actions have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation, and goodwill because Plaintiff has no adequate remedy at law.

48.     Defendant's actions were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

## CLAIM THREE

## INFRINGEMENT OF A FEDERALLY REGISTERED COPYRIGHT

## (17 U.S.C.A. § 501)

49.     Plaintiff realleges the allegations of Paragraphs 1 through 46 of this Complaint as is fully set forth herein.

50.     On or about August 14, 2022, Defendant infringed upon Plaintiff's copyrights, including and without limitation, by actually copying in the publication of Plaintiff's image without proper licensing or authorization in its US Sun Publication.

51.     Defendant's use of the infringing image is without permission or authority from Plaintiff and has caused damage to Plaintiff.

52.     Defendant has used the infringing image with constructive notice of Plaintiff's registration under The Copyright Act.

53.     Defendant has continued to use the infringing image and has had both constructive and actual notice of Plaintiff's copyrights.

54.     By engaging in the complained-of conduct, Defendant willfully and actually copied Plaintiff's Copyright-protected images without Plaintiff's consent, violating 17 U.S.C.A. § 501.

55.     Upon information and belief, by its acts, Defendant has made and will make profits and gains to which it is not in law or equity entitled.

56.     Upon information and belief, Defendant intends to continue its infringing acts and will continue to willfully infringe Plaintiff's copyrights unless restrained by this Court.

57.     The Defendant's actions have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damages to Plaintiff, its business, its reputation, and goodwill because Plaintiff has no adequate remedy at law.

58.     Defendant's actions were willful and subject to enhanced statutory damages under 17 U.S.C. § 504.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1.     Finding that Defendant has violated 17 U.S.C.A. § 501 and 17 U.S.C.A. § 504(c)(2) of The Copyright Act.

2.     An injunction preliminarily and permanently restraining and enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from:

    (a)     using Plaintiff's copyrighted image in connection with the publication of articles;

    (b)     engaging in any other activity that would infringe on Plaintiff's copyrights,

3.     An Award to Plaintiff of statutory damages equal to at least $450,000.00 by The Copyright Act (17 U.S.C.A. § 504(c)(2)).

4.     Awarding Plaintiff his costs and attorney's fees,  investigatory fees, and expenses to the full extent provided by The Copyright Act 17 U.S.C.A. § 505.

5.     Requiring Defendant to remove Plaintiff's image from its published article, *"WHALE JAILS Ex-SeaWorld trainers claim 'self-harming' killer whales were starved, drugged & so stressed they got stomach ulcers."*

6.      Requiring Defendant to remove Plaintiff's image from its published article, *WHALE HELL: Warning over SeaWorld orcas as trainer says 'Jurassic Park-style' breeding programme created 'aggressive hybrid whales.'*

7.      Awarding Plaintiff prejudgment interest on any monetary award made part of the judgment against Defendant.

8.      Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: July 13, 2023                           KATIE CHARLESTON LAW, PC


                                               By: _____
                                               Katie M. Charleston
                                               1905 S. New Market St., Ste. 169
                                               Carmel, IN 46032
                                               Ph: (317) 663-9190
                                               Fax: (317) 279-6258