UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------x

JOHN HARGROVE,

        Plaintiff,

- against -

NEWS ENTERPRISES, INC.; and NEWS
GROUP NEWSPAPERS LTD.,

        Defendants.

------------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/21/2024
```

Civil Action No. 1:23-cv-06045-MMG

[PROPOSED] PROTECTIVE ORDER

WHEREAS, the parties, John Hargove ("Plaintiff") and News Enterprises, Inc. and News Group Newspapers Ltd. ("Defendants," together with Plaintiff, "the Parties"), having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS HEREBY ORDERED THAT:

    1.    This Stipulation is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

    2.    Either party may designate Documents produced, or Testimony given, in connection with this action as "confidential" or "attorney's eyes only" either by notation on the document, statement on

the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

  3. As used herein:

  (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain business, financial, strategic, proprietary, or otherwise sensitive non-public information, a trade secret, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients.

  (b) "Attorney's Eyes Only Information" ("AEO Information") shall mean all Documents and Testimony, and all information contained therein, and all other information designated as highly confidential, if such Documents or Testimony contain non-public and highly confidential business, financial, strategic, proprietary, or otherwise commercially sensitive information, trade secrets, or other similar information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients if disclosed.

  (c) "Producing Party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

  (d) "Receiving Party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

  4. The Receiving party may, at any time, notify the Producing party that the Receiving Party does not concur in the designation of a document or other material as Confidential or AEO Information. If the Producing Party does not agree to declassify such document or material, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential or AEO Information. If

such motion is filed, the documents or other materials shall be deemed Confidential or AEO Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) plaintiff orpersonnel of defendants actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 8 hereof;

(d) the Court and court personnel, if filed in accordance with paragraph 13 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with paragraph 11 hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

(g) any other person agreed to by the parties.

6. As to any document the Producing Party may present as Attorney's Eyes Only Information, such information shall only be disclosed to those to whom disclosure is reasonably necessary for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding.

7. Confidential or AEO Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purposes.

8. Before any disclosure of Confidential or AEO Information is made to an expert witness, consultant, or any other permitted non-party pursuant to paragraphs 5-6 hereof, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain copies of each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Witnesses shall not retain any copy of documents containing Confidential or AEO, except that they may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

9. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such fifteen day period, the deposition shall be classified appropriately.

10. Should the need arise for any of the parties to disclose Confidential or AEO Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such confidential Information.

11. This Stipulation shall not preclude counsel for the Parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" or "Attorney's Eyes Only" under the terms hereof. Any stenographer and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

12. A party may designate as Confidential or AEO Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any

portion thereof. In the case of Documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

13.     In filing Confidential or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Attorneys' Eyes Only Discovery Material (collectively, "Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule II(B) of the Court's Individual Practices, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule II(B) of this Court's Individual Practices, any Party that seeks to file Confidential or Attorneys' Eyes Only Discovery Material under seal must file a motion explaining the reasons for filing under seal.

14.     All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any documents which have previously been designated by a party as comprising or containing Confidential or AEO Information shall identify such documents by the production number ascribed to them at the time of production.

15.     Any person receiving Confidential or AEO Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

16.     Any document or information that may contain Confidential or AEO Information that has been inadvertently produced without identification as to its "confidential" or "AEO" nature as provided

in paragraphs 2 and/or 12 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" or "AEO" within a reasonable time following the discovery that the document or information has been produced without such designation.

17. Extracts and summaries of Confidential or AEO Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

18. The production or disclosure of Confidential or AEO Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

19. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Local Rules or other applicable law.

20. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation shall, absent prior written consent of both parties, continue to be binding after the conclusion of this action.

21. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its

best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

| KATIE CHARLESTON LAW, P.C. | DAVIS WRIGHT TREMAINE LLP |
|---|---|
| By: /s/ *Katie Charleston*<br>Katie Charleston | By: /s/ Robert D. Balin<br>Robert D. Balin<br>John M. Browning<br>Celyra I. Meyers |
| 1905 S. New Market St., Ste. 169<br>Carmel, IN 46032<br>Tel: (317) 663-9190<br>Fax: (317) 279-6258<br>Email: katie@katiecharlestonlaw.com | 1251 Avenue of the Americas, 21st Floor<br>New York, NY 10020-1104<br>Tel: (212) 489-8230<br>Fax: (212) 489-8340<br>Email: robbalin@dwt.com<br>johnbrowning@dwt.com<br>celyra meyers@dwt.com |
| *Attorney for Plaintiff John Hargrove* | *Attorneys for Defendants News Group Newspapers Ltd. and News Enterprises, Inc.* |

Dated: March 21, 2024

SO ORDERED _____
Judge Margaret M. Garnett

4862-1879-1338v.1 0061171-000064
4862-1879-1338v.2 0061171-000064

# EXHIBIT A

4862-1879-1338v.1 0061171-000064
4862-1879-1338v.2 0061171-000064

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

----------------------------------------------------------------x

JOHN HARGROVE,

                Plaintiff,

       - against -

NEWS ENTERPRISES, INC.; and NEWS GROUP NEWSPAPERS LTD.,

                Defendants.

----------------------------------------------------------------x

Civil Action No. 1:23-cv-06045-MMG

**AGREEMENT WITH RESPECT TO CONFIDENTIAL MATERIAL**

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation for the Production and Exchange of CONFIDENTIAL INFORMATION (the "Stipulation") entered in the above-entitled action on _____ _____.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

_____